OMMER H. NELMS, doing business as BRASS RAIL: JEFF RIGDON, doing business as TARPON BAR, et al., v. THE CITY OF ST. PETERSBURG, a municipal corporation, and E. D. VAUGHN as Chief of Police as well as all City Policemen of the City of St. Petersburg, Florida, and all subordinate officers to the Chief of Police.

5 So. (2nd) 408                                    Division A
December 23, 1941

C. J. Hardee, for petitioners.

Carroll R. Runyon, Lewis T. Wray and Harry I. Young, for respondents.

BUFORD, J.:

Petition for certiorari under our rule 34 brings for review order granting motion to dismiss bill of complaint with leave to amend and denying temporary restraining order.

By the allegations of the bill of complaint, it was sought to enjoin the City of St. Petersburg from enforcing against the plaintiffs certain provisions of Ordinance No. 497-A which provisions are as follows:

"Establishments Dealing in Intoxicating Beverages.

"The term 'establishments dealing in intoxicating beverages' shall mean any business or establishment licensed by the State of Florida or the City of St. Petersburg for the sale of intoxicating beverages or any area or part of any building or structure in which intoxicating beverages are stored, kept for sale, offered for sale, sold, served or dispensed under license by the State of Florida or the City of St. Petersburg or any other part of said building or structure, or any other building or structure that has any entrance door, or other passageway that could in any manner be used or utilized as a means of access, ingress, or egress into the area in which intoxicating beverages are kept, offered for sale, sold or dispensed, or which is in any other manner capable of access, ingress or egress at any time to the area in which intoxicating beverages are kept, offered for sale, sold, served or dispensed.

"Provided, however, that said term when applied to hotels, clubs or golf clubs as defined in this ordinance shall mean that area or part of said hotel, clubs or golf clubs in which said beverages are kept, sold, served or dispensed when the said area is capable of being closed or in some other manner set apart and forbidden to access." . . .

"*Prohibited hours.* Prohibited hours are hereby established and the term 'prohibited hours' shall mean the periods of time herein set forth:

"Week Days—(Except Christmas Day, New Years Day and election days)—From and including the second day of January of each and every year to and including the last day of March—Any time between 2:00 o'clock A. M. and 6:00 o'clock A. M. All other week days of the year—Any time between 12:05 o'clock A. M. and 6:00 o'clock A. M.

"Sundays—All Sundays between and including the second day of January of each and every year to and including the last day of March—Any and all times after 2:00 o'clock A. M. All other Sundays (Except New Years Day and Christmas Day)—All times of the day.

"Christmas Day and New Years Day—Any time after 2:00 o'clock A. M.

"Election Days—From 12:05 o'clock A. M. until the polls are closed." . . .

"Section 7. It shall be unlawful for any person or vendor to sell, offer for sale, serve or dispense intoxicating beverages in the City of St. Petersburg in any establishment dealing in intoxicating beverages during the prohibited hours as defined in this ordinance.

"Section 8. It shall be unlawful for any vendor to suffer, permit or allow any establishment dealing in intoxicating beverages to be and remain open for the transaction of any business of any kind whatsoever at any time during the prohibited hours as defined in this ordinance.

"Section 9. It shall be unlawful for any vendor to suffer, permit or allow any person to enter or to suffer, permit or allow any person to be and remain in any establishment dealing in intoxicating beverages at any time during the prohibited hours.

"Section 10. It shall be unlawful for any person or persons to enter or to be or remain in any establishment dealing in intoxicating beverages at any time during the prohibited hours.

"Section 11. Nothing herein contained in this ordinance shall be construed to prevent a vendor of any establishment dealing in intoxicating beverages from entering, being or remaining in said establishment during prohibited hours when said vendor is actually engaged in duties other than the sale or serving of intoxicating beverages in said establishment; nor shall this ordinance be construed to prevent any fireman or law enforcement officer or agent of the City of St. Petersburg from entering, being or remaining in said establishment, in the performance of his duties."

If there is any invalid provision to be found in the Ordinance complained of it is to be found in the following:

"Section 8. It shall be unlawful for any vendor to suffer, permit or allow any establishment dealing in intoxicating beverages to be and remain open for the transaction of any business of any kind whatsoever at any time during the prohibited hours as defined in this ordinance.

"Section 9. It shall be unlawful for any vendor to suffer, permit or allow any person to enter or to suffer, permit or allow any person to be and remain in any establishment dealing in intoxicating beverages at any time during the prohibited hours.

"Section 10. It shall be unlawful for any person or persons to enter or to be or remain in any establishment dealing in intoxicating beverages at any time during the prohibited hours."

Whether or not the City may lawfully enact and enforce an Ordinance containing the provisions as stated in Sections 8, 9, and 10, supra, is not properly before us because that question was not presented to the lower court by the allegations of the bill of complaint but the attack made by the bill of complaint applied primarily to the provisions of Section 7, supra, and sought to enjoin the provisions of that Section. We have no doubt as to the validity of the provisions of paragraph 7, supra. In fact, petitioners concede in brief the validity of such provision.

It is true that the bill of complaint alleges:

"6. Your orators further represent that though they are licensed as set forth hereinbefore, the defendants to this action have forced them to close their doors so that they can not sell any articles, not even food or other necessities of life, during the so-called prohibited hours, as set forth in said ordinance attached hereto and marked Exhibit 'A'. All of which has been the loss of untold thousands of dollars to plaintiffs in this cause of action because they were unable to sell food, non-alcoholic drinks and other goods, wares and merchandise which they were lawfully licensed to sell, all of which business has gone to other places of business within the city limits of the City of St. Petersburg which were allowed to sell the same goods, wares and merchandise during the so-called prohibited hours, while the plaintiffs to this cause of action were forbidden to sell the same said articles.

"7. Your orators further represent that while they are forced to close their doors and transact no business of any kind or character during the so-called prohibited hours, other places of business on the same

streets, in the same locality, sometimes even next door or across the street, are permitted to sell the same goods, wares, merchandise and food which your orators are forbidden to sell; all of which has caused the plaintiffs to this action to lose thousands of dollars and has benefitted other businesses in the same locality and within the City limits of the City of St. Petersburg, Florida."

These allegations, however, are insufficient when taken with other allegations of the bill to show the plaintiffs are entitled to the relief sought.

Whether or not the City may by ordinance prohibit the plaintiff conducting all lawful business (except the sale of intoxicating liquors) in a place where intoxicating liquors are lawfully sold and dispensed during non prohibited hours, and where the premises are so constructed that the liquor stock may be segregated and shut off by closed doors from that part of the establishment which is used for other lawful purposes, we do not now assume to determine. The answer to that question must depend upon factual conditions to be shown by allegations and proof.

For the reasons stated, certiorari is granted and quashed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.